PER CURIAM:
*31 Claimant, Karen P. Arnett, a resident of Charleston, West Virginia, brought this action to recover damages to her vehicle which occurred on March 29, 1993, when claimant was traveling west bound on Interstate 64 in the middle lane near the Montrose Exit in South Charleston. Claimant’s insurance paid for the damages excluding claimant’s $200.00 deductible, which represents the amount of this claim.
The evidence adduced at the hearing established that claimant was operating her 1992 Honda Accord on 1-64 at approximately 8:30 p.m. It was dark and raining. She noticed a police car with flashing lights and other vehicles parked at the side of the road. She was operating her vehicle at approximately 45 miles per hour when she heard a “big bang.” When she got home, she noticed the front portion of her vehicle had sustained damages. She placed a telephone call to the South Charleston Police and was informed that there was a hole in the west bound middle lane on 1-64. She then realized that her vehicle had struck this hole.
Mancie Legg, respondent’s maintenance supervisor for 1-64 in Charleston, testified that he was called out by Charleston Control on March 29,1993, at 8:50 p.m., and he took cold mix material to fill the hole. Respondent’s employees had patched the hole earlier that day with cold mix, a winter grade asphalt. This material does not effect a permanent repair. Respondent made permanent repairs to the hole in the interstate on March 30,1993, when the rain had ceased. Cold patch was used, but respondent was able to cut out the hole and blow it out with an air compressor for a permanent patch. Mr. Legg explained to the Court that placing cold mix in wet weather is not a permanent repair. He also stated that warning signs are not placed on the interstate.
This Court is of the opinion that respondent’s employees were not negligent in the maintenance of 1-64 with respect to this particular hole. The hole was patched with temporary material, cold patch, which is the only material available to respondent during the winter months. This Court recognizes that it would be impractical to require respondent to place warning signs when respondent had repaired the area a few hours prior to claimant’s accident. Although this Court sympathizes with the claimant, this Court is also understands the burden placed upon the respondent in its maintenance of the State’s highways. This Court will not impose an impossible task upon respondent. There will be situations occurring for which respondent cannot be held responsible as it has acted to alleviate hazards on the highways to the best of its ability.
According, this Court is of the opinion to and does deny this claim.
Claim disallowed.